# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ISAIAS BELTRAN, | ) |
| Petitioner, | ) |
| vs. | ) CIVIL NO. 18-cv-1354-NJR |
| JACQUELINE LASHBROOK, | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Petitioner Isaias Beltran, currently an inmate of the Illinois Department of Corrections incarcerated in Menard Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his conviction. The underlying petition was filed on July 3, 2018. Beltran challenges his conviction on two grounds: (1) whether his Sixth Amendment rights under the confrontation clause were violated; and (2) whether the harmless error analysis employed by the Illinois courts is contrary to established federal law. (Doc. 1, pp. 10, 13).

On November 7, 2008, Beltran was sentenced to a 75 year term of imprisonment on a charge of First Degree Murder and Armed Robbery in Dupage County. (Doc. 1, p. 3). He appealed the judgment to the Appellate Court of Illinois, Second Judicial District, alleging that his Sixth Amendment confrontation rights were violated. *Id*. The Appellate Court affirmed the trial court on September 3, 2010. *Id.* The Supreme Court of Illinois denied Beltran's appeal on September 28, 2011. (Doc. 1, p. 5). The Supreme Court denied Beltran's request for certiorari on February 21, 2012. *Id*.

Beltran filed a motion for post-conviction relief on September 21, 2012, alleging that he received ineffective assistance of counsel in violation of the Sixth Amendment. (Doc. 1, pp. 5-6). The trial court denied the motion on September 10, 2015. (Doc. 1, pp. 1, 6). Beltran appealed, and the Appellate Court affirmed on February 8, 2018. (Doc. 1, pp. 1-2). Beltran then filed a late Petition for Leave to Appeal to the Illinois Supreme Court on May 23, 2018. (Doc. 1, p. 2). That motion is currently pending. *Id*. Beltran asks that the Court stay this case due to the pending motion for leave to appeal. *Id*.

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

The interplay between the procedural history of Beltran's claims and the exhaustion and statute of limitations requirements is a complex one, but the Court does not find that it plainly appears from the petition that Beltran is not entitled to relief. Accordingly, the Court will order a response to the petition.

As to Beltran's request that the Court stay these proceedings to allow him to exhaust his post-conviction state court remedies, staying the case would unnecessarily complicate matters. Beltran alleges that he has initiated an additional claim alleging that he was deprived of effective assistance of counsel, and he asks the Court to stay these proceedings so that he may properly exhaust that claim. But Beltran has not made an assistance of counsel claim in the present petition. Thus, it is not the type of "mixed" petition "in which a state prisoner presents a federal court with a single petition containing some claims that have been exhausted in the state courts

and some that have not." *Rhines v. Weber,* 544 U.S. 269, 271 (2005). While the Seventh Circuit has recommended that district courts consider staying mixed petitions in certain circumstances, *see, e.g., Tucker v. Kingston,* 538 F.3d 732, 735 (7th Cir. 2008), those circumstances are not relevant here, because the petition is not mixed. *Lisle v. Pierce*, 832 F.3d 778, 785 (7th Cir. 2016).

It is possible that the exclusion of the unexhausted claims from this petition has made it harder or impossible to raise them in future proceedings. 28 U.S.C. § 2244(b). But Beltran has not moved to amend his petition, and the Court must act on the claims presently before it, not on prospective claims. Because there are no grounds to stay the case as presently drafted, the Court **DENIES** the request to stay the proceedings and **ORDERS** Lashbrook to respond to the petition, so that the Court may have the advantage further briefing and the state court record in deciding the issues presented by the petition.

## Disposition

**IT IS HEREBY ORDERED** that Respondent shall answer the petition or otherwise plead on or before **September 13, 2018**. This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion, or timeliness argument it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this action is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Clifford J. Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

Beltran is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.

**IT IS SO ORDERED**

**DATED: August 13, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**