IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ISAIAS BELTRAN,

        Petitioner,

v.

        Case No. 18-cv-1354-NJR

FRANK LAWRENCE, Warden of
Pontiac Correctional Center,

        Respondent.

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Isaias Beltran, an inmate of the Illinois Department of Corrections, brings this habeas action pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition is denied.

Beltran was convicted in 2010 on charges relating to the robbery and murder of Corey Krueger (Doc. 12-4). At trial in the Circuit Court of DuPage County, Illinois, the State presented testimony from an eyewitness who stated that he saw Beltran shoot Krueger, take items from him, and flee to a car where he was joined by Israel Beltran, Petitioner's brother (*Id.* at 4-5). Another witness residing close to the area stated that on the day of the murder, he saw two figures in his backyard and subsequently found a gun containing one live round and one spent round and a key fob belonging to Krueger (*Id.* at 8-9). The State additionally presented a certified judgment showing that Israel Beltran had been convicted of unlawfully possessing a weapon the day of Krueger's murder (*Id.* at 10-11). Beltran was found guilty and sentenced to a 75 year term of imprisonment (*Id.* at 11-12).

Beltran appealed, arguing that the admission of the judgment against his brother Israel Beltran into evidence at his trial violated the Confrontation Clause of the Sixth Amendment. His appeal was rejected by the Illinois Appellate Court, the Illinois Supreme Court denied his petition for leave to appeal, and the U.S. Supreme Court denied certiorari (*Id.* at 13-14; Docs. 12-5, 12-6).

On July 3, 2018, Beltran filed the instant petition in this Court under 28 U.S.C. § 2254, asserting the same argument relating to the Confrontation Clause (Doc. 1). He further argues that the Illinois state court erred in finding that any violation of the Confrontation Clause was harmless due to the overwhelming evidence against him (*Id.*).

## LAW APPLICABLE TO SECTION 2254 PETITION

This habeas petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254, which "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). Federal habeas review serves as "a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring)). Habeas relief is restricted to cases where the state court determination "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A judgment is "contrary to" Supreme Court precedent if the state court "contradicts the governing law set forth in [Supreme Court] cases." *Coleman v. Hardy*, 690 F.3d 811, 814 (7th Cir. 2012) (quoting *Williams v. Taylor*, 529 U.S. 362, 405 (2000)). A state court decision is an "unreasonable application" of clearly established federal law if the state court "identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case." *Coleman*, 690 F.3d at 814 (quoting *Williams*, 529 U.S. at 407).

Even an incorrect or erroneous application of the federal precedent will not justify habeas relief; rather, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103. "A state court's decision is reasonable…so long as 'fairminded jurists could disagree' on the correctness of the state court's decision.'" *McDaniel v. Polley*, 847 F.3d 887, 893 (7th Cir. 2017) (internal citations omitted). For habeas relief to be granted, the state court's application of federal precedent must have been "objectively unreasonable," meaning "something like lying well outside the boundaries of permissible differences of opinion." *Jackson v. Frank*, 348 F.3d 658, 662 (7th Cir. 2003) (internal citations omitted).

## ANALYSIS

The Confrontation Clause of the Sixth Amendment states that "in all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." In considering whether evidence was improperly admitted under the

Confrontation Clause, a district court must assess whether the evidence was "testimonial" in nature, and, if so, the government permit the defendant to confront and cross-examine. *Crawford v. Washington*, 541 U.S. 36, 68 (2004). It is well-established that public records of judgments are not testimonial and, thus, not subject to the Confrontation Clause. *United States v. Weiland*, 420 F.3d 1062, 1077 (9th Cir. 2005); *Crawford*, 541 U.S. at 56.

At Beltran's trial, the State presented a certified judgment demonstrating Israel Beltran's conviction for unlawfully possessing a weapon the day of Krueger's murder. Because judgments are not testimonial, Beltran's Confrontation Clause argument is baseless. His claim is further barred by 28 U.S.C § 2254(d), which states that a petitioner will not be entitled to relief unless the state court proceeding resulted in a decision that was contrary to clearly established Federal law.

As the Court has determined that the DuPage County Circuit Court did not err in admitting the judgment against Israel Beltran, Beltran's argument that the Illinois Appellate Court erred in finding that any constitutional violation was harmless due to the overwhelming evidence against him is unavailing.

## Conclusion

For the reasons set forth above, the Petition (Doc. 1) is **DENIED**. The Clerk of Court shall enter judgment accordingly and close this case.

IT IS SO ORDERED.

DATED:   May 11, 2021

_____
NANCY J. ROSENSTENGEL
Chief U.S. District Judge